UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHERRIE KAW,**

    **Plaintiff,**

vs.                                                        Case No.:  8:07-cv-02222-T-27TGW

**SCHOOL DISTRICT OF HILLSBOROUGH COUNTY,**

    **Defendant.**

_____/

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND DEFENSES

Defendant, THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA ("Defendant" or "School Board"), hereby answers the Plaintiff's Amended Complaint ("amended complaint"), filed by SHERRIE KAW ("Plaintiff", or "Kaw"). The Defendant responds to each numbered paragraph of the amended complaint in correspondingly numbered paragraphs, as follows:

### JURISDICTION AND PARTIES

1. The Defendant admits that the Plaintiff has attempted to assert her claims pursuant to the Americans with Disabilities Act ("ADA"), Section 107(a), 42 U.S.C. § 12117, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Florida Civil Rights Act § 760.11, Fla. Stat.  The Defendant admits that the Court has jurisdiction over this matter, but the Defendant denies any wrongdoing pled or implied in the allegations contained in paragraph 1 of the amended complaint.

2. The Defendant is without knowledge, and therefore denies the allegations contained in paragraph 2 of the amended complaint.

A. The Defendant is without knowledge, and therefore denies the allegations contained in paragraph 2.A. of the amended complaint. The Defendant denies the commission of any unlawful employment practice and denies any other allegation of wrongdoing pled or implied in subparagraph 2.A. of the amended complaint.

B. The Defendant is without knowledge, and therefore denies the allegations contained in paragraph 2.B. of the amended complaint.

C. The Defendant is without knowledge, and therefore denies the allegations contained in paragraph 2.C. of the amended complaint.

D. The Defendant is without knowledge, and therefore denies the allegations contained in paragraph 2.D. of the amended complaint.

3. The Defendant is without knowledge, and therefore denies the allegations contained in paragraph 3 of the amended complaint.

4. The Defendant admits the propriety of venue in the Tampa Division of the Middle District of Florida. The Defendant denies any allegation of wrongdoing pled or implied in paragraph 4 of the amended complaint.

5. The Defendant admits that it is a "person" within the meaning of Section 760.02(6), Fla. Stat., and Section 101(7) of the ADA, 42 U.S.C. § 12111(7) as alleged in paragraph 5 of the amended complaint. The Defendant is without knowledge as to the remaining allegations contained in paragraph 5 of the amended complaint because the allegations as stated are unclear.

6. The Defendant admits that it employs 15 or more employees and is an "employer" within the meaning of Section 760.02(7), Fla. Stat. and Section 101(5)(A) of

the ADA, 42 U.S.C. § 12111(5)(A), as alleged in paragraph 6 of the amended complaint. Answering further, the Plaintiff's allegations with respect to 29 U.S.C. § 2611, the Family and Medical Leave Act, have been dismissed and therefore no answer is required with regard to that statute.

7. The Defendant is without knowledge as to the first two sentences contained in paragraph 7 of the amended complaint, and therefore denies the allegations contained in the first two sentences of paragraph 7 of the amended complaint. The Defendant denies the remaining allegations contained in paragraph 7 of the amended complaint.

8. The Defendant admits that the Plaintiff was employed as an Educational Support Personnel (paraprofessional) at Louis Benito Middle School located at 10101 Cross Creek Blvd., Tampa, Florida. The Defendant denies the remaining allegations contained in paragraph 8 of the amended complaint.

9. The Defendant admits that the Plaintiff was found unconscious in the hallway at Louis Benito Middle School in September of 2005 and that she fainted in April of 2006. The Defendant is without knowledge as to the cause for these incidents, and therefore denies the allegation the incidents were caused by an alleged condition/disability. The Defendant denies the remaining allegations contained in paragraph 9 of the amended complaint.

10. The Defendant denies the allegations contained in paragraph 10 of the amended complaint.

11. The Defendant admits that the Plaintiff worked with a special needs

student. The Defendant admits that on or about August 24, 2006, the Plaintiff reported that she felt lightheaded and was examined by the school nurse. The Defendant admits that the Plaintiff's husband picked her up from work on or about August 24, 2006. The Defendant is without knowledge, and therefore denies the remaining allegations contained in paragraph 11 of the amended complaint.

12. The Defendant admits that the Plaintiff left a message with Principal Bobby Smith's secretary stating she would be out sick for approximately three days. The Defendant denies the remaining allegations contained in paragraph 12 of the amended complaint.

13. The Defendant is without knowledge, and therefore denies the allegations contained in paragraph 13 of the amended complaint.

14. The Defendant is without knowledge, and therefore denies the allegations contained in paragraph 14 of the amended complaint.

15. The Defendant admits that the Plaintiff met with Principal Smith in person on or about September 18, 2006, (not September 7, 2006 as alleged in paragraph 16 of the amended complaint). The Defendant admits that the Plaintiff was wearing a heart monitor at the meeting with Principal Smith on or about September 18, 2006. The Defendant denies the remaining allegations contained in paragraph 15 of the amended complaint.

16. The Defendant denies the allegations contained in paragraph 16 of the amended complaint. The Defendant notes again that the meeting in question occurred on September 18, not September 6 or 7.

17. The Defendant denies the allegations contained in paragraph 17 of the amended complaint.

18. The Defendant admits that on or about September 18, 2006, the Plaintiff met with Principal Smith at Louis Benito Middle School. The Defendant denies that the Plaintiff gave Principal Smith a note prepared by her medical doctor on September 18, 2006. The Defendant is without knowledge as to the alleged note, who authored it, or what it stated, and therefore denies the remaining allegations contained in paragraph 18 of the amended complaint.

19. The Defendant admits that on September 18, 2006, the Plaintiff informed Principal Smith that she was undergoing testing with her doctors. The Defendant denies telling her that she should wait to come back to work. The Defendant denies that Principal Smith reviewed a note prepared by the Plaintiff's medical doctor. The Defendant is without knowledge of the applicability of a "tilt table test" and whether the Plaintiff was scheduled to have one performed. The Defendant denies any remaining allegations contained in paragraph 19 of the amended complaint.

20. The Defendant admits that Principal Smith sent a termination letter dated October 5, 2006 to the Plaintiff. The letter speaks for itself. The Defendant is without knowledge as to when the Plaintiff received the letter dated October 5, 2006, and therefore denies the allegation contained in paragraph 20 of the amended complaint.

21. The Defendant admits that it sent a termination letter dated October 5, 2006, to the Plaintiff. The Defendant is without knowledge as to the remaining allegations, and therefore denies the remaining allegations in paragraph 21 of the

amended complaint.

22. The Defendant denies the allegations contained in paragraph 22 of the amended complaint.

23. The Defendant denies the allegations contained in paragraph 23 of the amended complaint.

24. The Defendant denies the allegations contained in paragraph 24 of the amended complaint.

25. The Defendant admits that the Plaintiff met with Joe Trumbach on or about October 10, 2006. The Defendant is without knowledge as to what the Plaintiff may have overheard before that meeting, and therefore denies any remaining allegations in paragraph 25 of the amended complaint.

26. The Defendant admits that the Plaintiff went to Louis Benito Middle School on or about October 13, 2006. The Defendant admits that the Plaintiff left documents for Principal Smith. The Defendant answers further that the Plaintiff left three notes from medical professionals, a notarized statement from the Plaintiff, a typed note from the Plaintiff and a handwritten note from the Plaintiff. The documents speak for themselves. The Defendant is without knowledge as to the remaining allegations, and therefore denies the remaining allegations in paragraph 26 of the amended complaint.

27. The Defendant denies the allegations contained in paragraph 27 of the amended complaint.

28. The Defendant denies the allegations contained in paragraph 28 of the amended complaint.

29. The Defendant denies the allegations contained in paragraph 29 of the amended complaint.

30. The Defendant admits that it received an email from the Plaintiff on October 23, 2006, stating that she had filed complaints with the ACLU as well as "ADA and HIPAA." The Defendant denies any allegation of wrongdoing pled or implied in paragraph 30 of the amended complaint.

31. The Defendant admits that on or about November 10, 2006, Principal Smith attempted to schedule a conference with the Plaintiff to offer her reemployment. The Defendant denies the remaining allegations contained in paragraph 31 of the amended complaint.

32. The Defendant denies the allegations contained in paragraph 32 of the amended complaint.

33. The Defendant denies the allegations contained in paragraph 33 of the amended complaint.

34. The Defendant denies the allegations contained in paragraph 34 of the amended complaint.

35. The Defendant is without knowledge as to whether the Plaintiff has retained the services of The Law Offices of Matthew W. Dietz, P.L. or whether she has agreed to pay a reasonable fee for their services in the prosecution of this case, and therefore denies the allegations contained in paragraph 35 of the amended complaint. The Defendant denies that the Plaintiff is entitled to recover attorney's fees, costs and expenses from the Defendant as alleged in paragraph 35 of the amended complaint.

## COUNT I:
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT

36. In response to paragraph 36 of the amended complaint, the Defendant repeats its responses to paragraphs 1 through 35 of the amended complaint.

37. The Defendant denies the allegations contained in paragraph 37 of the amended complaint.

38. The Defendant denies the allegations contained in paragraph 38 of the amended complaint. The Defendant denies any allegation of wrongdoing pled or implied in paragraph 38 of the amended complaint.

39. The Defendant denies the allegations contained in paragraph 39 of the amended complaint. The Defendant denies any allegation of wrongdoing pled or implied in paragraph 39 of the amended complaint.

40. The Defendant denies the allegations contained in paragraph 40 of the amended complaint. The Defendant denies any allegation of wrongdoing pled or implied in paragraph 40 of the amended complaint.

The Defendant denies that the Plaintiff is entitled to any of the relief requested in the prayer for relief, and further denies any and all allegations not expressly admitted herein.

## COUNT II:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

41. In response to paragraph 41 of the amended complaint, the Defendant repeats its responses to paragraphs 1 through 35 of the amended complaint.

42. The Defendant denies the allegations contained in paragraph 42 of the amended complaint.

43. The Defendant denies the allegations contained in paragraph 43 of the amended complaint. The Defendant denies any allegation of wrongdoing pled or implied in paragraph 43 of the amended complaint.

44. The Defendant denies the allegations contained in paragraph 44 of the amended complaint. The Defendant denies any allegation of wrongdoing pled or implied in paragraph 44 of the amended complaint.

45. The Defendant denies the allegations contained in paragraph 45 of the amended complaint. The Defendant denies any allegation of wrongdoing pled or implied in paragraph 45 of the amended complaint.

The Defendant denies that the Plaintiff is entitled to any of the relief requested in the prayer for relief, and further denies any and all allegations not expressly admitted herein.

## COUNT III:
## REHABILITATION ACT

46. In response to paragraph 46 of the amended complaint, the Defendant repeats its responses to paragraphs 1 through 35 of the amended complaint.

47. The Defendant denies the allegations contained in paragraph 47 of the amended complaint.

48. The Defendant denies the allegations contained in paragraph 48 of the amended complaint. The Defendant denies any allegation of wrongdoing pled or implied in paragraph 48 of the amended complaint.

49. The Defendant denies the allegations contained in paragraph 49 of the amended complaint. The Defendant denies any allegation of wrongdoing pled or implied in paragraph 49 of the amended complaint.

50. The Defendant denies the allegations contained in paragraph 50 of the amended complaint. The Defendant denies any allegation of wrongdoing pled or implied in paragraph 50 of the amended complaint.

51. The Defendant admits that it receives federal funds. The Defendant denies any remaining allegations contained, and any allegation of wrongdoing pled or implied, in paragraph 51 of the amended complaint.

The Defendant denies that the Plaintiff is entitled to any of the relief requested in the prayer for relief, and further denies any and all allegations not expressly admitted herein.

## DEFENSES

**First Defense**

As a first defense to the amended complaint, the Defendant states that the Plaintiff's amended complaint fails to state a claim upon which relief can be granted under the Rehabilitation Act of 1973, 29 U.S.C. § 794, because the Plaintiff has failed to allege that she was excluded from participation in, was denied the benefits of, or was subjected to discrimination under any program or activity receiving federal financial assistance.

**Second Defense**

As a second defense to the amended complaint, the Defendant states that to the

extent the Plaintiff has failed to mitigate her damages, she is not entitled to any relief.

**Third Defense**

As a third defense to the amended complaint, the Defendant states that the Plaintiff fails to state a claim on which relief can be granted with regard to her claim for punitive damages; therefore, she is not entitled to such relief.

Respectfully submitted this 3rd day of March, 2008.

*/s/Thomas M. Gonzalez*
THOMAS M. GONZALEZ
Trial Counsel
Florida Bar No. 0192341
THOMPSON, SIZEMORE, GONZALEZ
 & HEARING, P.A.
201 N. Franklin Street, Suite 1600
Tampa, Florida  33602
Telephone: (813) 273-0050
Facsimile:  (813) 273-0072
Email: tgonzalez@tsg-law.com
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of March, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Matthew Dietz
Law Offices of Matthew Dietz
2990 S.W. 35th Avenue
Miami, Florida 33133

*/s/Thomas M. Gonzalez*
Attorney