UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRIE KAW,

    Plaintiff,

v.                               Case No.: 8:07-cv-2222-T-33TGW

SCHOOL BOARD OF HILLSBOROUGH
COUNTY, FLORIDA,

    Defendant.
_____/

**<u>ORDER</u>**

This matter is before the Court pursuant to Defendant's Motion in Limine to Exclude Alleged Statements Made by Barbara Bobolts (the "Motion in Limine," Doc. # 77), which was filed on April 3, 2009. Plaintiff filed a response in opposition to the motion on April 16, 2009. (Doc. # 84).

Defendant seeks an order excluding from evidence certain statements allegedly made by Barbara Bobolts regarding Plaintiff's ineligibility to work for the School District due to her medical condition. Bobolts works for Defendant as a secretary and formerly served as Joseph Trumbach's assistant. (Doc. # 77 at 2).[1] Among other statements at issue, Defendant seeks exclusion of Bobolts' alleged statement to Plaintiff

---

[1] Trumbach recently retired from his position with Defendant; however, before retirement, he served as Manager of the Non-instructional Personnel Department for the Office of Professional Standards. (Doc. # 77 at 2).

that Plaintiff was not eligible to work for the School District: "Barb, the secretary from Joseph Trumbach's office, called to tell me they reviewed all information supplied by my physicians, and it was decided I was no longer eligible to work for the Hillsborough County School District." (Doc. # 25, Kaw Dep. at 94:19-24).

Defendant asserts that Bobolts' alleged statements to Plaintiff should be excluded pursuant to Rules 401, 403, and 803 of the Federal Rules of Evidence. Among other arguments, Defendant seeks exclusion because: (1) Bobolts denied that she made the statements; (2) the statements are not relevant to the issues set for trial; (3) the statements were allegedly made after Plaintiff's termination; (4) Bobolts was not a decision maker; and (5) the statements pose a danger of jury confusion and unfair prejudice to Defendant.

Plaintiff asserts that Bobolts' alleged statements about Plaintiff's ineligibility to work for the School District should be admitted as statements of a party opponent pursuant to Rule 801(d)(2) of the Federal Rules of Evidence.[2]

---

[2] Rule 801(d)(2) reads that:

> A statement is not hearsay if . . . The statement is offered against a party and is (A) the party's own statement in either an individual or a representative capacity or (B)

2

Plaintiff argues that Trumbach, one of Defendant's decision makers, used his assistant, Bobolts, as an intermediary or channel of communication for his edicts. Plaintiff explains, "Defendant's argument that a statement delivered by a subordinate who is not a decision maker is not admissible is without logic. In this instance, a decision maker could always deflect liability by assigning employees the duty to execute their unlawful decisions." (Doc. # 84 at 2).

The Court finds Plaintiff's arguments persuasive for two reasons. First, Bobolts served as Trumbach's assistant. In this capacity, Bobolts' statements to Plaintiff regarding Plaintiff fall squarely under the protection of Rule 801(d)(2)(D) of the Federal Rules of Evidence. Bobolts' statements are relevant to the issues that will be presented

---

> a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . . The contents of the statements shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), [or] the agency or employment relationship and the scope thereof under subdivision (D).

to the jury. Furthermore, Bobolts' denial that she made the statements and the timing of the statements are factors that the jury may take into consideration in assessing the statements.

Second, the Court evaluated the statements under Rule 403 of the Federal Rules of Evidence, which reads: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The Eleventh Circuit instructs that Federal Rule of Evidence 403 should be applied to exclude relevant evidence in very limited circumstances:

> Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its probative force.

United States v. Sawyer, 799 F.2d 1494, 1506 (11th Cir. 1986)(emphasis in original).

The Court has given due consideration to Defendant's

argument that Bobolts' statements would confuse the jury and lead to unfair prejudice. However, the Court finds that the probative value of the statements is not outweighed by any dangers identified by Defendant. Thus, the Court will deny the Motion in Limine.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Motion in Limine (Doc. # 77) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of June, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

5