UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRIE KAW,

    Plaintiff,

v.    Case No.: 8:07-cv-2222-T-33TGW

SCHOOL BOARD OF HILLSBOROUGH
COUNTY, FLORIDA,

    Defendant.
_____/

**<u>ORDER</u>**

Before the Court is Defendant's Motion in Limine to Exclude Evidence of Bargaining Agreement or Argument that Defendant Violated its Own Disciplinary Procedures (the "Motion in Limine," Doc. # 76), which was filed on April 3, 2009. Plaintiff filed her Response in Opposition to the Motion in Limine on April 16, 2009. (Doc. # 82).

Pursuant to Rules 401 and 403 of the Federal Rules of Evidence, Defendant asks the Court to exclude its Bargaining Agreement (the "Agreement," Doc. # 82-3) from evidence. Defendant also seeks to bar Plaintiff from arguing that when she was terminated, Defendant violated its standard termination and disciplinary procedures. Defendant asserts that Plaintiff was not covered by the Agreement and its introduction at trial could unnecessarily confuse the jury and potentially prejudice Defendant. Defendant also contends that

as a "temporary" one-on-one aide to student B.V., Plaintiff was not entitled to the protections afforded Defendant's full-time employees and instructional staff. Finally, drawing upon Elrod v. Sears Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991) for the proposition that Courts do not sit as a "super-personnel department," Defendant posits that a violation of its own disciplinary procedures is "not admissible to show pretext."

In Elrod, the plaintiff alleged that he was discriminated against in violation of the Age Discrimination in Employment Act. Id. at 1468. Fired from Sears at the age of fifty one, after many years of service, and replaced by a twenty-two-year old worker, Elrod met his *prima facie* burden under the ADEA. Id. at 1470. To rebut the presumption of age discrimination, Sears came forward with extensive evidence that Elrod sexually harassed and offhandedly threatened to kill his female coworkers. Id.[1] Sears explained that it fired Elrod due to his sexual harassment and vindictive behavior toward

---

[1] Elrod's supervisor interviewed his female co-workers regarding allegations of sexual harassment, and they reported numerous inappropriate comments and sexual gestures that this Court will not repeat here. Elrod was compelled by Sears to apologize to his victims. Shortly after his "apology," Elrod began a course of vindictive behavior toward his victims and even threatened to kill them. Id. at 1469. Elrod was terminated three days later. Id.

2

coworkers. Id.  The burden then shifted to Elrod to show that Sears' reasons for termination were a pretext for discrimination. Elrod, 939 F.2d at 1470.

During the trial, Elrod focused on rebuffing the allegations of sexual harassment leveled by his female coworkers. Id.  After a trial, the jury found for Elrod, and the trial court denied Sears' motion for judgment notwithstanding the verdict. Id. at 1468.  The Eleventh Circuit reversed, explaining:

> The inquiry of the ADEA is limited to whether [Sears] *believed* that Elrod was guilty of harassment, and if so, whether this belief was the reason behind Elrod's discharge . . . . Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions.  No matter how medieval a firm's practice, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, the ADEA does not interfere.  Rather, our inquiry is limited to whether the employer gave an honest explanation of its behavior.

Id. at 1470 (emphasis in original).

The Eleventh Circuit's analysis in Elrod applies to the present case, asserted under the ADA, rather than the ADEA. Here the trier of fact is not in the position to judge whether the Defendant followed the Agreement or its protocol, customs, or any other framework when it terminated Plaintiff.  Rather, in assessing pretext, the ultimate inquiry is whether

3

Defendant fired Plaintiff for its stated reason, absenteeism.

The evidence Plaintiff intends to offer, the Agreement and testimony regarding Defendant's termination and disciplinary procedures is relevant and probative. <u>Elrod</u> does not support the exclusion of this type of evidence. Rather, <u>Elrod</u> prevents the trier of fact from "second-guessing" Defendant's assessment of Plaintiff's performance. <u>Id.</u> at 1470. Thus, the Court finds Plaintiff's arguments in favor of introducing the Agreement and Defendant's disciplinary practices persuasive and that such evidence is probative of discrimination.[2]

Here, Plaintiff claims that "Defendant provides no

---

[2] For instance, in <u>Carter v. Three Springs Residential Treatment</u>, 132 F.3d 635 (11th Cir. 1998), a race discrimination case, a minority employee was passed over for a promotion on several occasions. <u>Id.</u> at 640. The trial court granted summary judgment in favor of the employer, finding that the plaintiff failed to establish a *prima facie* case of racial discrimination. The Eleventh Circuit reversed. In its discussion, the Eleventh Circuit noted, "[t]he failure to promulgate hiring and promotion policies can be circumstantial evidence of discrimination. Certainly, it is even more suspicious where it is alleged that established rules were bent or broken to give a non-minority applicant an edge in the hiring process." <u>Id.</u> at 644 (internal citations omitted).

In addition, the Eleventh Circuit similarly held in <u>Morrison v. Booth</u>, that "[d]epartures from normal procedures may be suggestive of discrimination." 763 F.2d 1366, 1374 (11th Cir. 1985).

4

evidence that [Plaintiff's] position was not covered by the [Agreement] or that certain procedures were required prior to termination.  The Defendant had many procedures which were normally used when terminating someone for absenteeism (an often occurrence)– none of which were followed." (Doc. # 82 at 2-3).  The Court agrees with Plaintiff's contention that "[w]hether or not the contractual provision[s] apply, or are indicative of the Defendant's normal policies and procedure, is a matter that is probative and relevant" to whether Defendant actually terminated Plaintiff due to absenteeism, or rather, on the basis of a perceived disability. (Doc. # 82 at 4).

Thus, the Court finds that the evidence at issue in the Motion in Limine is relevant.  Furthermore, the Court has balanced the probative value of the evidence against jury confusion and the other detriments set forth in Rule 403.[3] The Eleventh Circuit instructs that Rule 403 should be applied to exclude relevant evidence in very limited circumstances:

> Relevant evidence is inherently prejudicial; but it

---

[3] Rule 403 reads, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

>is only *unfair* prejudice *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its probative force.

United States v. Sawyer, 799 F.2d 1494, 1506 (11th Cir. 1986)(emphasis in original).

In reaching this decision, the Court gave due consideration to Defendant's arguments concerning jury confusion and unfair prejudice. However, the Court finds that the probative value of the evidence is not outweighed by any dangers identified by Defendant. Thus, the Court will deny the Motion in Limine.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Motion in Limine (Doc. # 76) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of June, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record