UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRIE KAW,

    Plaintiff,

v.                         Case No. 8:07-cv-2222-T-33TGW

SCHOOL BOARD OF HILLSBOROUGH
COUNTY, FLORIDA,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff's Renewed Motion in Limine and to Strike (the "Motion" Doc. # 72), which was filed on April 2, 2009. Defendant filed a response in opposition to the Motion on April 17, 2009. (Doc. # 87). For the reasons that follow, the Court will grant in part and deny in part the Motion.

**Analysis**

Plaintiff seeks an order barring Defendant from presenting evidence regarding the cause of Plaintiff's January 2009, termination from Meadow Point Christian Academy. Plaintiff also seeks an order striking the testimony of defense witness Dr. Christina Benito.

**A.**    **Meadow Point Christian Academy**

After her termination by Defendant, Plaintiff was employed by Meadow Point Christian Academy as a preschool teacher from March 2008, through January 2009. (Cynthia

Crawford Dep. Doc. # 72-2 at 5:21-25, 8:1-5). After less than one year of employment, Plaintiff was terminated by Meadow Point. Plaintiff argues that her termination from Meadow Point "was in retaliation for this case, as demonstrated by the total lack of any reprimands in her file." (Doc. # 72 at 2). However, Ms. Crawford, the preschool director of Meadow Point, testified that Plaintiff was terminated due to insubordination and gossiping. (Crawford Dep. Doc. # 72-2 at 35:15-17). In addition, Ms. Crawford testified that Plaintiff was absent from work on sixteen days and, on nine occasions, Plaintiff went home for lunch and failed to return to work. (Id. at 9:11-23, 12:1-2).

The Court determines that the jury must hear evidence concerning Plaintiff's employment after her termination by Defendant. Plaintiff's post-termination employment is relevant to Plaintiff's mitigation of damages. However, this evidence will be limited to the nature of her employment (preschool teacher), her wages earned, her benefits (if any), and the duration of that employment. The accusations of gossiping, absenteeism, and other details concerning why Plaintiff may have been terminated from Meadow Point are not relevant to the present lawsuit. This Court further determines that, even if such evidence were relevant to this

2

case, such evidence would properly be excluded under Rule 403 of the Federal Rules of Evidence because its probative value would be outweighed by its danger of confusion and undue prejudice to Plaintiff. This trial concerns Plaintiff's termination from employment by the School Board of Hillsborough County, not her termination from employment by Meadow Point. Furthermore, evidence of poor performance at Meadow Point is likely to unfairly taint the jury's opinion of Plaintiff in this employment discrimination case.

Accordingly, this Court grants the Motion to the extent that this Court will strictly limit Defendant's presentation of evidence concerning Meadow Point as specified above.

### B. Dr. Benito

Plaintiff seeks an order striking defense witness Dr. Christian Benito. Plaintiff contends that, although Dr. Benito was labeled by Defendant as a fact witness, Dr. Benito lacks personal knowledge of the facts of this case and is, in actuality, an undisclosed Individuals with Disabilities Education Act ("IDEA") expert.

Plaintiff deposed Dr. Benito on March 30, 2009. (Benito Dep. Doc. # 72-4). Dr. Benito is the supervisor for Exceptional Student Education Compliance for Defendant. (Id. at 4:13-16). Dr. Benito has served as a expert witness in

3

other matters and has a Ph.D. in special education. (Id. at 9:6-14). Dr. Benito stated at her deposition that she was prepared to testify at trial regarding exceptional student B.V.'s Individualized Education Program ("IEP"), "content of IEPs, content requirements, the district's responsibility in ensuring that the IEP is implemented, [and] other requirements that have to do with IEPs." (Benito Dep. Doc. # 72-4 at 15:16-24). Dr. Benito commented that B.V.'s IEP required extensive one-on-one assistance for safety concerns, among other things. (Id. at 17:21-23, 18:6-10).

Plaintiff argues that "Dr. Benito is clearly an expert" for which Defendant failed to tender an expert report. (Doc. # 72 at 8). Defendant, on the other hand, correctly argues that Dr. Benito's prior experience as an expert witness does not automatically render her an expert witness in this case: "just because a witness <u>can be</u> qualified or <u>has been</u> qualified as an expert in the past under Rule 702 does not bar the witness from offering lay witness testimony." (Doc. # 87 at 7) (emphasis in original).

Furthermore, this Court agrees with Defendant that Dr. Benito's testimony can be used to address the issue raised on summary judgment as to whether Plaintiff presents a direct threat to exceptional student B.V. (the student was she hired

4

to aid and protect from harm). (Doc. # 51 at 20-24). As argued by Defendant, Dr. Benito "has personal knowledge of the District's processes, policies, and procedures related to the IDEA [and] [s]he is personally familiar with the District's business practices . . . . [H]er testimony [is intended to] refute Plaintiff's suggestion that the District's consideration of B.V.'s needs, and the Plaintiff's ability to meet those needs, was disingenuous." (Doc. # 87 at 5).

Dr. Benito may present lay witness testimony concerning B.V.'s IEP, whether Plaintiff presented a direct threat to B.V., and other appropriate topics.[1]

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiff's Renewed Motion in Limine and to Strike (Doc. # 72) is **GRANTED IN PART AND DENIED IN PART** as specified above.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of July, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[1] In the instance that Dr. Benito begins to espouse expert opinion testimony during trial, Plaintiff is free to object.

Copies to:

All Counsel of Record