UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRIE KAW,

    Plaintiff,

v.                              Case No. 8:07-cv-2222-T-33TGW

SCHOOL BOARD OF HILLSBOROUGH
COUNTY, FLORIDA,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Defendant's Motion in Limine to Strike and Exclude Expert Opinions from Dr. Curtis and Dr. Szabo (the "Motion to Strike" Doc. # 78), which was filed on April 3, 2009. Plaintiff filed a response in opposition to the Motion to Strike on April 16, 2009. (Doc. # 85). Thereafter, on July 15, 2009, at the direction of the Court, Plaintiff filed additional information and resources concerning the contested experts. (Doc. # 114). For the reasons that follow, the Court will grant in part and deny in part the Motion to Strike.

**Analysis**

Defendant seeks an order barring Dr. Curtis and Dr. Szabo from offering expert opinion testimony during trial. Defendant argues that Plaintiff failed to disclose these physicians as experts in a timely manner and also asserts that Dr. Curtis and Dr. Szabo's testimony will be irrelevant to the

issues set for disposition at trial.  Furthermore, Defendant contends that the probative value of Dr. Curtis and Dr. Szabo's testimony will be outweighed by the prejudice and confusion that may result from such testimony.

The Court tends to agree with Defendant that Plaintiff's formal disclosure of Dr. Curtis and Dr. Szabo as expert witnesses was untimely.  However, it appears that Defendant subpoenaed these physicians' records on June 6, 2008, well in advance of the expert disclosure deadline of August 29, 2008, as set forth in the Case Management and Scheduling Order. (Doc. # 18).  This Court finds that Defendant did not suffer any prejudice due to Plaintiff's untimely disclosure of August 30, 2008, tendered to Defendant only one day after the expiration of the deadline for expert disclosures.[1]

Furthermore, the substance of the testimony, as preliminarily outlined by Plaintiff, does not appear to enter into the danger zones of irrelevance, confusion, or undue prejudice to Defendant.  In this ADA case, Plaintiff has a medical condition, syncope, which jurors may not recognize or understand.  This Court determines that physicians, particularly, Plaintiff's treating physicians, are the proper

---

[1] Defendant's failure to depose these witnesses, a tactical decision, does not constitute "unfair prejudice."

2

conduit for relaying this information to the jury.[2]

Furthermore, Plaintiff's recent filing should assuage Defendant's concerns regarding opinion testimony. Plaintiff explains, "Both Dr. Szabo and Dr. Curtis are Sherrie Kaw's treating doctors and they will offer *no* opinions extending beyond the facts disclosed during care and treatment of Ms. Kaw and the doctor[s] w[ere] not specially retained to develop opinion testimony." (Doc. # 114 at 1)(emphasis in original). Plaintiff further notes that Dr. Szabo and Dr. Curtis "will testify as to only the mental and physical condition of Ms. Kaw, and how that mental or physical condition relates to her employment and termination." (Doc. # 114 at 1).

On balance, it appears that Plaintiff intends to utilize Dr. Curtis and Dr. Szabo as lay witnesses. Plaintiff's plan is consistent with the Eleventh Circuit's ruling in <u>Wilson v. Taser, Int'l, Inc.</u>, 303 F. App'x 708, 712 (11th Cir. 2008) that "a treating physician may testify as a lay witness regarding his observations and decisions during treatment of a patient [but] once the treating physician expresses an *opinion* unrelated to treatment, which is based on scientific,

---

[2] Although the Court has determined that Plaintiff's syncope does not constitute a disability, Plaintiff's syncope, and Defendant's reaction to it, nonetheless, constitute a key factual issue for trial.

technical, or other specialized knowledge, that witness is offering expert testimony for which the court must perform its essential gatekeeping function." (internal quotations omitted) (emphasis in original).[3]

Thus, the Court will not strike the witnesses as requested by Defendant but it will limit the testimony of the witnesses to their observations and decisions during treatment of Plaintiff.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Motion in Limine to Strike and Exclude Expert Opinions from Dr. Curtis and Dr. Szabo (Doc. # 78) is **GRANTED IN PART AND DENIED IN PART** as specified above.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of July, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record

---

[3] Defendant may renew its objections to the testimony during trial in the instance that Dr. Curtis and Dr. Szabo begin to offer expert opinion testimony.