UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRIE KAW,

      Plaintiff,

v.                      Case No.  8:07-cv-2222-T-33TGW

SCHOOL DISTRICT OF HILLSBOROUGH
COUNTY,

      Defendant.

_____/

## ORDER

Defendant School Board of Hillsborough County's Motion for Judgment as a Matter of Law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure is before the Court (the "Motion" Doc. # 137). On October 15, 2009, Defendant filed a memorandum in support of the Motion. (Doc. # 144). Plaintiff Sherrie Kaw filed a response in opposition to the Motion on October 26, 2009. (Doc. # 155). For the reasons that follow, the Motion is due to be granted.

## I.   Procedural History

On February 13, 2008, Plaintiff filed her amended complaint against Defendant. (Doc. # 14). In count one, Plaintiff alleges that Defendant violated the Americans with Disabilities Act ("ADA"), Section 107(a), 42 U.S.C. § 12117. In count two, Plaintiff alleges that Defendant violated the Florida Civil Rights Act ("FCRA"), Fla. Stat § 760.11. In

count three, Plaintiff alleges that Defendant violated Section 504 of the Rehabilitation Act of 1973 ("the Rehabilitation Act"), 29 U.S.C. § 794.

The parties filed cross motions for summary judgment, which the Court denied. In the Order denying the motions for summary judgment, the Court noted, "Because Defendant's motives for terminating Plaintiff are at issue, a jury should decide whether she was terminated lawfully or due to a disability in violation of the ADA, FCRA, and Rehabilitation Act." (Doc. # 51 at 25).

A jury trial was held during the week of October 5, 2009. At the close of Plaintiff's case in chief, Defendant moved for a judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. The Court reserved ruling on the Motion.

On October 9, 2009, the jury returned a verdict in Plaintiff's favor. (Doc. # 147). The jury determined that Defendant terminated Plaintiff in violation of the ADA. The jury awarded Plaintiff $4,000 in damages and $6,000 for emotional pain and mental anguish. (Doc. # 147 at 2). The Court will now undertake its Rule 50(a) analysis.

## II. **Rule 50(A)**

Rule 50(a) of the Federal Rules of Civil Procedure

permits the court to grant judgment as a matter of law against a party with respect to a claim or defense when a party "has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). The Eleventh Circuit provided detailed analysis of Rule 50 of the Federal Rules of Civil Procedure in Middlebrooks v. Hillcrest Foods, Inc., 256 F.3d 1241 (11th Cir. 2001):

> A motion for judgment as a matter of law shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment. This motion can be renewed after trial under Rule 50(b), but a party cannot assert grounds in the renewed motion that it did not raise in the earlier motion. The rule protects the non-moving party's right to cure deficiencies in the evidence before the case is submitted to the jury. The moving party cannot ambush the court and opposing counsel after the verdict when the only remedy is a completely new trial.

Id. at 1245 (internal citations omitted).

Courts should grant judgment as a matter of law only "if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict." Id. at 1246. Stated another way, "Under Rule 50, a court should render judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Cleveland v. Home

<u>Shopping Network, Inc.</u>, 369 F.3d 1189, 1192 (11th Cir. 2004).

Further, in conducting a Rule 50 analysis, this Court must refrain from invading the province of the jury: "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." <u>Id.</u> at 1193 (internal citations omitted).

In this case, the Court finds it appropriate to overturn the jury's verdict. Upon due consideration of the evidence, the Court determines that Plaintiff failed to prove her prima facie case of discrimination. Specifically, the Court determines that there was no legally sufficient evidentiary basis for a reasonable jury to find that "Plaintiff was 'regarded as' having an impairment that would be a 'disability' as defined in the Court's Instructions." (Doc. # 147 at ¶1). The Court further determines that there was no legally sufficient evidentiary basis for a reasonable jury to find that Plaintiff was wrongfully terminated from employment on the basis of her impairment.

A. **<u>"Regarded As" Having an Impairment that would be a Disability</u>**

This Court determined at the summary judgment stage that Plaintiff's condition of electrocardiogenic syncope was an

4

impairment, but not a disability. (Doc. # 51 at 19-20). Thus, to prevail during her trial, Plaintiff bore the burden of proof to establish that Defendant regarded her as having an impairment and that the impairment, as perceived by Defendant, would have substantially limited one or more of Plaintiff's major life activities (that is, that Defendant regarded Plaintiff as having a disability). See Deas v. River West, L.P., 152 F.3d 471, 476 (5th Cir. 1998).

The Court has reviewed the evidence presented at trial and determines that the evidence is so overwhelmingly in favor Defendant that a reasonable jury could not arrive at a contrary verdict. Plaintiff failed to carry her burden of establishing that Defendant regarded Plaintiff as having a disability. Plaintiff strenuously argues that Defendant was "aware" of Plaintiff's condition "as well as any issues regarding fainting" and therefore, regarded her as having a disability. (Doc. # 155 at 4). However, as pointed out by Defendant, "proof of the employer's awareness of an impairment is insufficient to satisfy the burden of proof." citing Luna v. Walgreen Company, 575 F.Supp.2d 1326, 1338 (S.D. Fla. 2008)("the mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate that the employer regarded the employee as disabled.")(internal

citations omitted). Thus, awareness of an impairment is not tantamount to regarding an employee as having a disability, and Defendant's awareness of Plaintiff's impairment is as far as the evidence goes in this case.

The Court determines that the evidence presented at trial could only lead to the finding that Plaintiff was not regarded by Defendant as having an impairment that would be a disability. If the jury had correctly marked "no" to question number one on the verdict form, a judgment in Defendant's favor would have properly been entered in this case. No additional analysis is required. Nevertheless, the Court will take this opportunity to expound upon its reasoning as to Plaintiff's termination from employment.

## II. **Plaintiff's Termination**

Plaintiff failed to present evidence to the jury proving by a preponderance of the evidence that Defendant terminated her on the basis of her impairment or a perception that she had a disability. There was no evidence presented to the jury (except for Plaintiff's self-serving statements) to support Plaintiff's theory that the Defendant was motivated by an illegal purpose (discrimination) when Defendant made the decision to fire Plaintiff.

Principal Bobby Smith hired Plaintiff as a one-on-one

aid, and remarked during the trial that Plaintiff "had wonderful interaction with the child." (Doc. # 139 at 230). Principal Smith was aware of several fainting incidents and absences during the 2005-2006 school year, nevertheless he decided to renew her contract for the following school year. (Id. at 230-231). The Court agrees with Defendant's argument that "there is no basis on which a reasonable jury could find that having brought Kaw back notwithstanding his knowledge of her loss of consciousness and/or her condition he would terminate her thereafter based on the same knowledge." (Doc. # 144 at 19).

Principal Smith testified that Plaintiff essentially abandoned her employment as of August 24, 2006, and she did not advise him of her status until much later. (Doc. # 139 at 234-235, 242-243). On September 18, 2006, Plaintiff arrived unannounced in Principal Smith's office, and she advised Principal Smith that she had to wear a heart monitor, and the monitor went off twice during the meeting. (Id.) During this unplanned meeting, Plaintiff did not state when she would be able to come back to work, and she did not follow up with Principal Smith after the September 18, 2006, meeting. (Id.)

Accordingly, on October 5, 2006, Principal Smith wrote a letter terminating Plaintiff due to concerns that she was "not

able to fulfill the responsibilities of the position for which [Plaintiff was] hired." (Doc. # 139 at 244). During the trial, Principal Smith testified that Plaintiff "wasn't at the school. She wasn't fulfilling the needs which a one-on-one [aid] the most paramount thing is be there for the child. Special needs child, possibly harming themselves, need to be able to keep that child academically engaged, move them from place to place. If you're not there, you can't do it." (Doc. # 139 at 244-245).

After Principal Smith terminated her, Plaintiff contacted him and requested re-employment with the School District. Principal Smith testified, "I was happy to see her again. You know, it was just like, okay, well, she's back. I was puzzled by the fact that she was gone so long without there being communication but she'd done a good job before. If I know she was going to be there [at work], then that's fine." (Doc. # 139 at 246). Principal Smith offered Plaintiff her job back in writing on November 10, 2006. (Doc. # 140 at 18-20, 22-23). Plaintiff declined, and thereafter, sued Defendant. (Doc. # 140 at 23).

The jury's determination that Plaintiff was terminated on the basis of unlawful discrimination is incorrect and overwhelmingly unsupported by the evidence.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant School Board of Hillsborough County's Motion for Judgment as a Matter of Law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure (Doc. # 137) is **GRANTED.**

(2) The Jury's Verdict is **VACATED.**

(3) The Clerk is directed to enter judgment in Defendant's favor and, thereafter, to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of April 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record