UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRIE KAW,

    Plaintiff,

v.                                Case No. 8:07-cv-2222-T-33TGW

SCHOOL BOARD OF HILLSBOROUGH
COUNTY, FLORIDA,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff's Objection to Defendant's Bill of Costs and Motion to Stay Enforcement of Award of Costs (the "Motion" Doc. # 166), which was filed on May 21, 2010. Defendant filed its Response in Opposition to the Motion (Doc. # 170) on June 7, 2010. For the reasons that follow, the Court will grant the Motion to the extent that the Court will stay the enforcement of Defendant's award of costs pending appeal.

**Analysis**

On April 27, 2010, this Court entered an Order (Doc. # 161) granting Defendant's Motion for Judgment as a Matter of Law (Doc. # 137). On April 28, 2010, the Clerk entered a Judgment in Defendant's favor (Doc. # 162) and on May 11, 2010, Defendant filed its proposed bill of costs (Doc. # 163),

wherein Defendant requests an award of costs in the amount of $10,846.58.

On May 11, 2010, Plaintiff filed an appeal (Doc. # 165) of the Court's Order granting Defendant's Motion for Judgment as a Matter of Law.  Plaintiff objects to individual items of costs enumerated in Defendant's bill of costs, for example, certain depositions, witness fees and mileage fees, and daily transcript fees.  In addition, Plaintiff seeks an order postponing the award of costs until the resolution of the appeal in this case.

Plaintiff correctly points out that the appellate process has already commenced and notes:

> If this court does not enter a stay, there is a possibility that monies paid for costs will have to be transferred multiple times before the final successful party obtains their cost.  While this would not be a burden for the school district, it is a terrible burden for Ms. Kaw, a kindergarten teacher.

(Doc. # 166 at 4).

This Court agrees with Plaintiff's analysis.  Defendant correctly points out in its Response to the Motion that "there exists a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded its costs." (Doc. # 170 at 2).  Nevertheless, the Court is afforded discretion in this matter and determines that it would be a waste of judicial

-2-

resources to resolve Plaintiff's objections to the proposed bill of costs and award such costs during the pendency of Plaintiff's appeal. The great financial disparity between the parties also militates in favor of the requested order staying enforcement of costs in this matter.

Thus, the Court stays the enforcement of costs pending the resolution of the appeal in this case.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Objection to Defendant's Bill of Costs and Motion to Stay Enforcement of Award of Costs (Doc. # 166) is **GRANTED** to the extent that the Court will stay the enforcement of Defendant's award of costs pending appeal.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of June 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel of record